**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4594**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELA NICHOLE CHAPMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00086-TSK-MJA-2)

Submitted:  June 13, 2024                                    Decided:  June 17, 2024

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Nichole Chapman pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). The district court sentenced her to 72 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether (1) the district court properly applied a two-level dangerous weapon sentencing enhancement; (2) trial counsel rendered ineffective assistance; and (3) Chapman's sentence is reasonable. In a pro se supplemental brief, Chapman reiterates that her counsel was ineffective for advising her to plead guilty and for failing to object to the firearm enhancement. The Government moves to dismiss Chapman's appeal pursuant to the appellate waiver in her plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Chapman knowingly and intelligently waived her right to appeal her conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by *Anders* counsel fall squarely within the waiver's scope.

The waiver provision in the plea agreement does not preclude our review of Chapman's ineffective assistance claims. To demonstrate ineffective assistance of trial counsel, Chapman "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Chapman's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

3

This court requires that counsel inform Chapman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Chapman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Chapman.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*